# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JONATHAN ERICKSON,
   Appellant,

  v.

DEPARTMENT OF THE ARMY,
   Agency.

DOCKET NUMBER
SF-0752-18-0227-I-1

DATE: July 8, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Stephanie Bernstein, Esquire, and Tyler Sroufe, Esquire, Dallas, Texas, for
 the appellant.

Ian D. Clunies-Ross, Esquire, Seattle, Washington, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed his removal for medical inability to perform the essential duties of his position. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's analysis of the appellant's discrimination claims and whistleblower reprisal affirmative defense, we AFFIRM the initial decision.

**BACKGROUND**

On September 25, 2014, the appellant, a Power Plant Mechanic (PPM) for the agency's Army Corps of Engineers in Bridgeport, Washington, incurred an on-the-job injury to both of his feet when several steel plates fell on him due to the failure of a storage rack. Initial Appeal File (IAF), Tab 1 at 1, Tab 6 at 82. Following his injury, the appellant began a long absence while he received wage replacement benefits from the OWCP. IAF, Tab 6 at 61, 78, 80. In January 2017, he reached maximum medical improvement (MMI) and the agency therefore assumed that his medical restrictions were permanent. *Id*. at 61. The agency

subsequently searched for positions, but it found there were no positions available in the machine shop at the appellant's facility, the Chief Joseph Dam, within his medical restrictions. *Id*. at 66. An agency Human Resources Specialist then searched for vacant, funded positions throughout the district for which the appellant was qualified and that were within his medical restrictions, including those that were expected to open within the next 30 days, but she was also not successful. *Id*. at 52-59; Hearing Compact Disc (HCD) (testimony of the agency Human Resources Specialist).

The agency issued a June 28, 2017 notice of proposed removal charging the appellant with medical inability to perform the essential duties of his position. *Id*. at 49-51. He provided written responses. *Id*. at 26-27, 33-44. The deciding official sustained the charge, finding that the appellant was unable to perform the essential duties of his position. *Id*. at 21. Because the appellant's medical documentation did not indicate a foreseeable end to his medical condition, or that he would be able to return to work in his current position, the deciding official found that the appellant's removal promoted the efficiency of the service and issued a decision removing the appellant effective January 8, 2018. *Id*. at 21-22.

The appellant appealed his removal. IAF, Tab 1. After holding a hearing, the administrative judge sustained the charge and found that the appellant failed to establish his affirmative defenses of disability discrimination, retaliation for EEO activity, and whistleblower retaliation. IAF, Tab 24, Initial Decision (ID) at 10-25. He found that the agency established a nexus between the appellant's inability to perform his duties and the efficiency of the service, and that the penalty did not exceed the tolerable bounds of reasonableness. ID at 25-26.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 4. He argues that his removal exceeds the tolerable limits of reasonableness. *Id*. at 7-8. He challenges the administrative judge's findings that the appellant did not prove his affirmative defenses of status-based disability discrimination and discrimination based on a failure to accommodate. *Id*. at 8-10,

12-15. The agency has responded to the appellant's petition for review. PFR File, Tab 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge properly found that the agency proved the charge.</u>

When, as here, the appellant does not occupy a position with medical standards or physical requirements subject to medical evaluation programs, in order to establish a charge of medical inability to perform, the agency must prove a nexus between the employee's medical condition and observed deficiencies in his performance or conduct, or a high probability, given the nature of the work involved, that his condition may result in injury to himself or others. *Clemens v. Department of the Army*, 120 M.S.P.R. 616, ¶¶ 4-5 (2014); *Fox v. Department of the Army*, 120 M.S.P.R. 529, ¶ 25 (2014). In other words, the agency must establish that the appellant's medical condition prevents him from being able to safely and efficiently perform the core duties of his position. *Clemens*, 120 M.S.P.R. 616, ¶ 5. In determining whether the agency has met its burden, the Board will consider whether a reasonable accommodation exists that would enable the appellant to safely and efficiently perform those core duties. *Id*. However, for the limited purposes of proving the charge, the agency is not required to show that it was unable to reasonably accommodate the appellant by assigning her to a vacant position for which she was qualified; whether it could do so goes to the affirmative defense of disability discrimination or the reasonableness of the penalty. *Id*.

The appellant explicitly declines to contest the administrative judge's finding that he cannot perform the essential duties of his PPM position. PFR File, Tab 4 at 14; ID at 9. Based on the appellant's medical restrictions, and the testimony before him, the administrative judge determined that the agency met its burden to prove there was a high probability, given the nature of the work involved, that the appellant's condition might result in injury to himself or others.

ID at 10. Thus, he sustained the charge. *Id*. We discern no basis to disturb his finding.

The appellant failed to establish his affirmative defenses.

*Disability discrimination*

The appellant asserted disability discrimination, both status-based and based on the agency's failure to accommodate his disabilities. IAF, Tab 18 at 5, Tab 20 at 3. The administrative judge found, and the parties do not dispute, that the appellant is an individual with a disability because he was substantially limited in one or more major life activities.[2] ID at 15; 42 U.S.C. § 12102(1)(A), (2)(A); 29 C.F.R. § 1630.2(g)(1)(i). The Board adjudicates claims of disability discrimination raised in connection with an otherwise appealable action under the substantive standards of section 501 of the Rehabilitation Act. *Pridgen v. Office of Management & Budget*, 2022 MSPB 31, ¶ 35 . The Rehabilitation Act has incorporated the standards of the Americans with Disabilities Act (ADA). Therefore, we apply those standards here to determine if there has been disability discrimination. *Id.* The ADA provides that it is illegal for an employer to "discriminate against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). An employer is also required to provide reasonable accommodations to an otherwise qualified individual with a disability. 42 U.S.C. § 12112(b)(5).

Thus, both a claim of disability discrimination based on an individual's status as disabled and a claim based on an agency's failure to reasonably accommodate that disability require that the individual be "qualified." *Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶ 28. A qualified

---

[2] Although the administrative judge did not specify which major life activities the appellant is substantially limited in performing, ID at 15, the last OWCP CA-17 Duty Status Report that the appellant submitted to the agency reflected that he was limited to 1 hour or less per day of walking, standing, and bending, all of which are major life activities, IAF, Tab 6 at 71; *see* 42 U.S.C. § 12102(2)(A) (setting forth a nonexclusive list of major life activities relevant to determining whether an individual has a disability).

individual with a disability is one who can "perform the essential functions of the . . . position that such individual holds or desires" with or without reasonable accommodation. 42 U.S.C. § 12111(8); *Haas*, 2022 MSPB 36, ¶ 28. A "qualified" individual "satisfies the requisite skill, experience, education and other job-related requirements of the employment position such individual holds or desires and, with or without reasonable accommodation, can perform the essential functions of such position." 29 C.F.R. § 1630.2(m).

The administrative judge found that the appellant failed to show by preponderant evidence that he is a qualified individual with a disability because he could not perform the essential functions of his PPM position with or without reasonable accommodation. ID at 3-4, 9, 15-16. The appellant does not dispute this finding, as it applies to his PPM position, and we discern no basis to disturb it on review. The appellant's medical restrictions were incompatible with the duties of his position. IAF, Tab 6 at 61, 71, Tab 13 at 12. For example, his medical restrictions allowed no climbing, kneeling, bending, stooping, twisting, pulling, and pushing, and restricted his lifting and carrying to 10 pounds. IAF, Tab 6 at 71. The position description for PPMs requires, among other things, prolonged climbing, kneeling, bending, stooping, twisting, pulling, and pushing; and requires the incumbent to be able to lift and carry objects frequently weighing up to, and occasionally over, 45 pounds. IAF, Tab 13 at 12.

The appellant argues on review that the agency should have accommodated him in different positions. PFR File, Tab 4 at 7, 9, 11-12. He contends that the agency could have made an exception for the education requirements to give him a trial period in a management position or employ him to train apprentice mechanics. *Id*. at 9. He also challenges the finding that he was not physically qualified for nine positions for which the agency found he did not meet the qualifications, arguing that the agency could have modified the positions to meet his restrictions. *Id*. at 11-12.

The administrative judge found that the appellant failed to meet his burden to prove he could perform the duties of the identified positions, even with an accommodation. ID at 15-16. We agree. In June 2017, the agency identified 43 positions within the appellant's district that were vacant or would become vacant within 30 days. IAF, Tab 6 at 52-55; HCD (testimony of the agency Human Resources Specialist). Although there are no job descriptions for these positions in the record, the evidence indicates that the agency found 9 positions for which the appellant was qualified, but did not meet his medical limitations, and 34 positions for which he was not qualified. IAF, Tab 6 at 54-55. On review, the appellant argues that the agency could have made an exception for the education level necessary to qualify for the Operations Project Manager (OPM) or deputy OPM position, and given him a trial period to prove that he could perform the essential duties of those positions. PFR File, Tab 4 at 9; *see* IAF, Tab 6 at 16-17, Tab 18 at 25. As noted above, he also argues that he could have trained apprentice mechanics. PFR File, Tab 4 at 9. He asserts that he was a qualified individual with a disability because he could have performed the essential duties of those positions. *Id*.

As to the OPM or Deputy OPM positions, the administrative judge cited the testimony of a Human Resources Specialist that the appellant lacked the requisite education and/or skills to perform the vacant management and professional positions. ID at 5, 16. The appellant has not specifically identified to which vacant OPM or deputy OPM positions he refers. PFR File, Tab 4 at 9. The record indicates that in early 2016, the appellant requested a waiver of educational requirements for management positions he anticipated would become vacant. IAF, Tab 18 at 25, 32. The agency identified at least one OPM position during its June 2017 job search for vacant, funded positions. IAF, Tab 6 at 54. Interpretive guidance from the Equal Employment Opportunity Commission (EEOC) concerning whether an employee is a "qualified individual" states that "[t]he first step is to determine if the individual satisfies the prerequisites for the

position, such as possessing the appropriate educational background, employment experience, skills, licenses, etc." 29 C.F.R. pt. 1630, app., § 1630.2(m).  The U.S. Court of Appeals for the Ninth Circuit observed that the EEOC's omission of any reference to reasonable accommodation in the first step was likely deliberate and makes clear that unless a disabled individual independently satisfies the job requirements, including education, he is not "otherwise qualified." *Johnson v. Board of Trustees*, 666 F.3d 561, 565-66 (9th Cir. 2011).[3]  Thus, the agency need not waive any education requirements as an accommodation.

As to the appellant's assertion that he could have trained apprentice mechanics, he cites to an email in his prehearing submission in which he actually declined a training position.  PFR File, Tab 4 at 9; *see* IAF, Tab 18 at 25.  We observe that the agency's job search identified a single position concerning training, a Training and Organizational Development Specialist, for which the agency indicated that the appellant was not qualified.  IAF, Tab 6 at 55. Although the appellant did not identify this as the training position he desired, as set forth above, the agency need not waive the qualifications for a position as an accommodation.  The appellant also asserted that the agency could have modified an "administrative position . . . so that he could sit at work, not lift heavy objects, and avoid dust."  PFR File, Tab 4 at 12-14.  However, the Powerhouse Mechanic Crew Foreman wrote that he had no administrative duties to offer, IAF, Tab 6 at 66; ID at 4, and the appellant identifies no such vacant, funded administrative position.  To the extent that he contends that the agency should have created a position within his medical restrictions for him, PFR File, Tab 4 at 14-15, the provision of such limited or light duty tasks that do not constitute a separate position is not a reasonable accommodation, *Gonzalez-Acosta v. Department of Veterans Affairs*, 113 M.S.P.R. 277, ¶ 13 (2010).

---

[3] While decisions of the Federal Circuit are controlling authority for the Board, other circuit courts' decisions are considered persuasive, but not controlling, authority. *Morris v. Department of the Navy*, 123 M.S.P.R. 662, ¶ 15 n.12 (2016).

As to the nine non-management and non-professional positions for which the agency found the appellant was qualified in June 2017, the administrative judge found that the appellant's medical restrictions prevented him from performing in those positions. ID at 15-16. The appellant argues on review that the agency failed to engage in the interactive process as to those positions.[4] PFR File, Tab 4 at 11-12. However, an agency's failure to engage in the interactive process alone does not violate the Rehabilitation Act; rather, the appellant must show that this omission resulted in failure to provide reasonable accommodation. *See Gonzalez-Acosta*, 113 M.S.P.R. 277, ¶¶ 16-17 (finding that, because the evidence showed that there was no appropriate vacancy to which an appellant could be reassigned, he failed to carry his burden to show that the agency's failure to engage in the interactive process violated the Rehabilitation Act). As noted above, the agency produced evidence that it unsuccessfully searched for appropriate positions, IAF, Tab 6 at 52-55, and the appellant did not identify any. Therefore, he failed to show that the agency's alleged failure to engage in the interactive process resulted in a failure to provide a reasonable accommodation. *Gonzalez-Acosta*, 113 M.S.P.R. 277, ¶¶ 16-17. Accordingly, we find that the appellant failed to establish his claim of disability discrimination based on the agency's alleged failure to accommodate him.

As to the appellant's claim of status-based disability discrimination, the administrative judge found, applying *Southerland v. Department of Defense*, 119 M.S.P.R. 566, ¶ 23 (2013), that the appellant failed to establish that any similarly situated employee was treated in a disparate manner. ID at 12-13, 16. The appellant argues on review that the agency treated him differently because it

---

[4] The appellant also argues that the agency called its action proposing his removal after a quick search for available positions "highly irregular." PFR File, Tab 4 at 12. The appellant mischaracterized the correspondence in question. *Id.*; IAF, Tab 18 at 107. The correspondence shows that the agency Human Relations Specialist was referring to an Injury Compensation Specialist's request that the District Commander provide a letter with the results of the agency's job search. IAF, Tab 18 at 107. It does not reflect that the specialist asserted that the agency's actions concerning its job search or the appellant's removal were irregular. *Id.*

allowed other employees to have light duty and stay employed, and did not remove any other employees for medical inability to perform between March 2013 and March 2018. PFR File, Tab 4 at 10, 15. Because we agree with the administrative judge that the appellant is not a qualified individual with a disability, we find that the appellant failed to prove his disparate treatment disability discrimination affirmative defense on this basis. ID at 16; *Haas*, 2022 MSPB 36, ¶¶ 28-30. In light of this determination, we find it unnecessary to consider the appellant's argument regarding disparate treatment. We vacate the administrative judge's findings that the appellant failed to prove that his alleged comparators were similarly situated.

*EEO retaliation*

The administrative judge found that the appellant failed to show by preponderant evidence that retaliation for his prior EEO activities was a motivating factor in his removal. ID at 19-20. The appellant does not dispute this finding on review. Because we affirm the administrative judge's finding that the appellant failed to show that any prohibited consideration was a motivating factor in the agency's action, we need not resolve the issue of whether the appellant proved that retaliation was a "but-for" cause of the agency's decisions. *See Pridgen*, 2022 MSPB 31, ¶¶ 20-22..

*Retaliation for whistleblowing*

The appellant claimed that he made protected disclosures that a journeyman's promotion to foreman was based on an improper relationship with the proposing official, and that the proposing official converted full-time temporary mechanics to permanent appointments without competitively posting the permanent positions. IAF, Tab 18 at 91-95, Tab 20 at 3. To establish the affirmative defense of reprisal for protected whistleblowing activity, the appellant must prove that he made a protected disclosure under 5 U.S.C. § 2302(b)(8) or participated in protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or

(D) and that the disclosure or protected activity was a contributing factor in the agency's personnel action. *Ayers v. Department of the Army*, 123 M.S.P.R. 11, ¶ 12 (2015); *Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶¶ 12-13 (2015). If the appellant makes both of these showings by preponderant evidence, the burden of persuasion shifts to the agency to prove by clear and convincing evidence that it would have taken the same action in the absence of the appellant's protected activity. 5 U.S.C. § 1221(e)(2); *Alarid*, 122 M.S.P.R. 600, ¶ 14.

A protected disclosure is any disclosure of information that the appellant reasonably believes evidences any violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. 5 U.S.C. § 2302(b)(8); *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 2 n.1 (2016). The proper test for assessing whether a protected disclosure occurred is an objective one: whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions of the Government evidence one of the categories of wrongdoing identified in 5 U.S.C. § 2302(b)(8)(A). *Salerno*, 123 M.S.P.R. 230, ¶ 6. The administrative judge found that the disclosures were not protected because the appellant failed to show that a disinterested observer with knowledge of the same essential facts as the appellant could reasonably conclude that the actions evidence wrongdoing set forth in 5 U.S.C. § 2302(b)(8). ID at 23. The parties do not challenge this finding on review. Nevertheless, as explained below, we modify the initial decision to find that the appellant's disclosures were protected.

As to the appellant's disclosure concerning the journeyman's promotion, a disinterested person with knowledge of the same essential facts as the appellant could reasonably conclude that the proposing official promoted his preferred candidate to Foreman based on a personal relationship. 5 U.S.C. § 2302(b)(6), (12); *Ormond v. Department of Justice*, 118 M.S.P.R. 337, ¶¶ 9-10 (2012)

(finding that an appellant made a nonfrivolous allegation that he made a protected disclosure that the agency gave an applicant an unfair advantage, which could constitute a violation of 5 U.S.C. § 2302(b)(6) and (b)(12)).

As to the appellant's disclosure that the proposing official improperly converted four non-career mechanics to career status without subjecting them to a competitive selection process, IAF, Tab 18 at 92-93, for the following reasons, we also find that the administrative judge erred in determining that the appellant failed to show that a disinterested observer with knowledge of the same essential facts as the appellant could reasonably conclude that the actions evidence wrongdoing set forth in 5 U.S.C. § 2302(b)(8), ID at 22-23. The administrative judge based his determination in part on his observation that the official to whom the appellant made his alleged disclosure explained to him in response that temporary or term employees may be converted to permanent employees without further competition in certain situations, and the appellant failed to verify the official's assertion or ask her for additional information. ID at 22; IAF, Tab 18 at 91. However, the proper measure of the reasonableness of an appellant's belief concerning an alleged protected disclosure is his belief at the time he made the disclosure. *See Parikh v. Department of Veterans Affairs*, 116 M.S.P.R. 197, ¶ 17 (2011) (observing that a subsequent investigation which confirmed that no harm existed did not erode the reasonableness of the appellant's belief that his disclosure evidenced a substantial and specific danger to public health or safety at the time he made it). Thus, the administrative judge erred in finding, based on the official's response to the appellant's disclosure, that the appellant lacked a reasonable belief he disclosed wrongdoing. ID at 22-23. Because this disclosure also concerned alleged hiring improprieties, we find that it is protected. *Ormond*, 118 M.S.P.R. 337, ¶ 10. Combined with the administrative judge's determination that the appellant's alleged disclosures met the knowledge/timing test to establish that they were a contributing factor in the

deciding official's decision to remove the appellant, ID at 23, we find that the appellant established his prima facie case of whistleblowing.

The administrative judge found in the alternative that, even if the appellant established that his disclosures were protected, the agency proved by clear and convincing evidence that it would have made the same decision absent the appellant's alleged whistleblowing. ID at 23-25. The parties do not challenge this finding on review. In determining whether an agency has shown by clear and convincing evidence that it would have taken the same personnel action in the absence of whistleblowing, the Board will consider the following factors: (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999).

In finding that the agency proved by clear and convincing evidence that it would have removed the appellant absent any protected disclosures, the administrative judge observed that the agency sustained the charge and made appropriate efforts to return the appellant to work. ID at 24; *Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶ 36 (2013) (finding that an agency's proof of its charges is a factor weighing in its favor). Based on the information it had at the time, the administrative judge found that the agency had ample justification for its action. ID at 24. He also relied on the deciding official's assertion that the agency needed to fill the position as support for his finding that the agency's reasons in support of its action were strong. ID at 24-25. We find that the agency's need to fill the position also indicates that agency officials were likely not motivated by retaliation, but instead by operational needs. The administrative judge found that the agency officials involved had little motivation to retaliate against the appellant because his

complaints were not substantiated. *Id*. On the third factor, the administrative judge found nothing in the record to suggest that any employee at the agency was similarly unable to perform the essential functions of his position for as prolonged a period as the appellant. ID at 25. If either or both of the first two *Carr* factors do not support a finding that the agency would have taken the same personnel action absent the disclosure or protected activity, the agency's failure to present evidence of the third *Carr* factor may prevent it from carrying its overall burden. *Smith v. Department of the Army*, 2022 MSPB 4, ¶¶ 26-30; *see also Miller v. Department of Justice*, 842 F.3d 1252, 1259-63 (Fed. Cir. 2016).

Nevertheless, despite any motive that agency officials had to retaliate against the appellant for his disclosures of alleged hiring improprieties, and the absence of evidence on the third *Carr* factor, the agency had an overwhelmingly strong, non-retaliatory reason for removing the appellant, his medical inability to do his job. *See Fox*, 120 M.S.P.R. 529, ¶ 40 (finding that removal for physical inability to perform the essential functions of a position promotes the efficiency of the service). As noted above, the appellant does not challenge the finding that he is unable to perform the essential duties of his position with or without accommodation. Thus, we are left with the firm belief that the agency would have taken the same action in the absence of the appellant's protected disclosures, based on the strength of the evidence in support of its action, and find that the agency showed by clear and convincing evidence that it would have removed the appellant in the absence of his alleged protected activity. *See Mithen v. Department of Veterans Affairs*, 122 M.S.P.R. 489, ¶ 36 (2015) (holding that the Board does not view the *Carr* factors as discrete elements, each of which the agency must prove by clear and convincing evidence, rather, the Board will weigh the factors together to determine whether the evidence is clear and convincing as a whole).

<u>The agency established nexus and that the penalty is within the tolerable bounds of reasonableness.</u>

Based on the appellant's medical inability to perform the duties of his position, and the impact of his absences on the agency's needs, the administrative judge found nexus. ID at 25. The appellant does not challenge this finding on review, and we discern no reason to disturb it. *See Fox*, 120 M.S.P.R. 529, ¶ 40.

The *Douglas* factors normally used to mitigate the penalty are not relevant in the case of a removal for medical inability to perform due to the nondisciplinary nature of the action. *Brown v. Department of the Interior*, 121 M.S.P.R. 205, ¶ 18 (2014), *overruled on other grounds by Haas*, 2022 MSPB 36; *see Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (providing a nonexhaustive list of factors relevant to penalty determinations). Rather, the correct standard to be applied in determining the penalty for a removal based on physical inability to perform is whether the penalty of removal exceeded the tolerable limits of reasonableness. *Brown*, 121 M.S.P.R. 205, ¶ 18.

In determining whether removal is an appropriate penalty, the Board will consider whether the appellant could have instead been reassigned to a vacant position within his medical restrictions. *Fox*, 120 M.S.P.R. 529, ¶ 40. We have already determined that there were no vacant positions available within the appellant's medical restrictions and for which he possessed the requisite skills, experience, and education. Thus, he could not be reassigned to a vacant position.

The appellant claims on review that the agency treated him less favorably than other employees who were medically unable to perform in their positions because no other employees were removed for medical inability between March 2013 and March 2018. PFR File, Tab 4 at 7-8, 15. He asserts that the agency therefore has the ability to modify positions and find reasonable accommodations for employees. *Id.* at 15. We are not persuaded. As noted above, we have already found that the agency conducted an extensive, but unsuccessful search for positions that met the appellant's medical restrictions.

The fact that the agency did not remove anyone for medical inability to perform between March 2013 and March 2018, without more, does not show that the agency treated the appellant differently. Moreover, there is no evidence in the record to support the appellant's claim that employees who were given light duty rather than removed had injuries and disabilities that were similar in severity to his. PFR File, Tab 8 at 7-8.

Accordingly, we affirm the initial decision, as modified herein.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.